RODRÍGUEZ *v.* RODRÍGUEZ ET AL.

APPEAL from the District Court of San Juan, Section 1.

No. 794.—Decided May 24, 1912.

NATURAL CHILDREN—PUBLIC INSTRUMENT—ACKNOWLEDGMENT BY WILL.—The acknowledgment of a natural child by a will which has not been made a public instrument has not the effect of an acknowledgment by public instrument, for the will of itself cannot be deemed to be such.

ID.—ANNULMENT OF DESIGNATION OF HEIRS—ACKNOWLEDGMENT BY WILL.—The acknowledgment of a natural child in a will which has not been made a public instrument cannot have any effect in an action to annul the designation of heirs based on acknowledgment by public instrument the will itself not being of this character.

ID.—BAPTISMAL CERTIFICATE—ACKNOWLEDGMENT.—A statement contained in a birth and baptismal certificate to the effect that the child baptized is the acknowledged son of a certain person, the putative father having taken no part whatever in the execution of said certificate, and there being no evidence of the acknowledgment other than the simple statement of the minister who executed the certificate is not sufficient evidence upon which to consider that the acknowledgment of the natural child has been proven by means of a public instrument.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for appellant.

The defendant did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 18, 1911, Pedro José Rodríguez Castro brought an action in the District Court for the Judicial District of San Juan against Candelaria and Paulina Rodríguez Castro, José María Rodríguez Nieves, and Julia and Juana Rodríguez Claudio, the three latter as heirs of José María Rodríguez Castro, and alleged the following grounds of action:

First. That he is, by virtue of a public instrument, an acknowledged natural son of Pedro José Rodríguez Castro, who died in the month of April, 1880.

Second. That Pedro José Rodríguez Castro had, in the month of March of the same year, executed a will in which he designated his sole and universal heirs to be his brother and sister, Pedro José and Candelaria Rodríguez Castro, together with three natural children acknowledged by him, to wit: Nieves, Hermenegilda, and the plaintiff. Said will was annulled through a decision rendered by the abolished Court of First Instance of the District of San Francisco, of this city, owing to a defect of form.

Third. That in the year 1884 José María, Candelaria, and Paulina Rodríguez Castro instituted proceedings in the aforesaid court for a declaration on their behalf as sole and universal heirs of their deceased brother, Pedro José Rodríguez Castro, without mentioning the three acknowledged natural children. By a decision rendered in March of said year their claim was sustained, whereupon the declared heirs took possession of the estate of the deceased without giving the plaintiff and his two natural brothers any participation therein.

Fourth. That at the time of the death of Pedro José Rodríguez Castro the plaintiff was a child of tender years, for which reason he could not then assert his rights.

The plaintiff concludes with the prayer that judgment be

rendered annulling the designation of heirs and directing, in consequence, that intestate proceedings in the case of Pedro Rodríguez Castro be instituted, the petitioner to be allowed any other remedy which, in view of the nature of the case, may be in accordance with justice, with costs to be taxed against the defendants. The default of the defendants having been entered on motion of the plaintiff, the case was heard in their absence on September 19, 1911, and judgment rendered on the 16th of October following dismissing the action with costs against the plaintiff, who appealed from said judgment to this Supreme Court.

We are of the opinion that this judgment is in accordance with the facts brought out at the trial and the provisions of law applicable to the case.

From the evidence taken at the trial it appears:

First. That Pedro José Rodríguez executed a will on April 11, 1880, in which instrument he declared having had by Dionisia Hernández a son called Pedro José, by Genara Hernández a daughter called Nieves, and by Fernanda del Valle another daughter called Hermenegilda, he having, moreover, a brother and a sister called Pedro José and Candelaria, respectively, whom, together with the three mentioned children, acknowledged as such by him, he designated as his sole and universal heirs, with betterment of one-fifth of his estate to his children, Pedro José and Nieves, and appointed Juan Ramón Calderón as executor of his will and also as guardian and curator of his minor children, relieving him from the obligation of furnishing security and with authority to dispose of the income for maintenance of the minors.

Second. That Juan Ramón Calderón having instituted *ex parte* proceedings to have the will or testamentary disposition of Pedro José Rodríguez made into a public instrument, the Court of First Instance of San Francisco, on February 17, 1881, decided that the will which was said to have been made verbally by Pedro José Rodríguez, as shown by the accompanying testamentary disposition, could not be converted into

a public instrument, nor could the aforesaid testamentary disposition be declared to be the will.

Third. That according to judgment rendered by the Court of First Instance of San Francisco on March 16, 1885, in proceedings instituted for the purpose, José María and Paulina Rodríguez Castro were declared intestate heirs of Pedro, of the same surname, without prejudice to a third party having equal or better rights, and it was accordingly ordered that they be given possession of the property held, which belonged to the deceased.

Fourth. That as shown by Pedro José Rodríguez's certificates of birth and baptism he was christened on January 27, 1873, four months after his birth, as the acknowledged son of Pedro José Rodríguez and Dionisia Hernández, who do not appear in the execution of said certificate.

In view of such facts we cannot consider that the plaintiff has proven the character of a natural child of Pedro José Rodríguez Castro, which he claims on the strength of an acknowledgment made in a public instrument, as affirmed in his complaint, for the testamentary disposition in which said acknowledgment was made is not a public instrument, and precisely because it is not, the executor instituted proceedings before the abolished Court of First Instance of San Francisco in order to give it the force and effect of such public instrument, which he failed to obtain, a decision having been rendered refusing to convert into a public instrument the will said to have been made verbally by Pedro José Rodríguez and to declare the testamentary disposition in which it appeared to be a will.

The aforesaid testamentary disposition as a private document may have some effect with respect to the acknowledgment of the plaintiff by Pedro Rodríguez Castro as his natural son, but could have none in the present case, which deals with the annulment of the declaration of heirs based on said acknowledgment as made in a public instrument, of which nature the aforesaid testamentary disposition does not par-

take, as has been expressly determined by the Court of First Instance of San Francisco in its judgment of February 17, 1881.

This doctrine was amply stated in the case of *Calaf* v. *Calaf*, 17 P. R. R., 185, and in other cases therein mentioned.

As to the statement contained in the plaintiff's birth certificate to the effect that he is the acknowledged son of Pedro José Rodríguez and Dionisia Hernández, as the presumptive father had no intervention whatever in the execution of said certificate and there is no evidence of the acknowledgment other than the simple statement of the minister who authorized the document, we are of the opinion, as already laid down in previous decisions, that such evidence is not sufficient to consider the acknowledgment of the natural child to have been proven by means of a public instrument.

"Certificates of baptism and marriage, as all public documents in general, certify to the act which led to their execution, namely, the administration of the baptism and the celebration of the marriage on the dates stated; but they do not certify to the truth of the statements contained in them with respect to the filiation or civil status of the person baptized or married. Such is the legal doctrine found in the decisions of the Supreme Court of Spain of June 28, 1864, March 18, 1873, June 24, 1897, and July 13, 1899, which doctrine conforms to the provisions of section 1186 of the Civil Code in force." 9 P. R. R., 439; 9 P. R. R., 497; 11 P. R. R., 263.

For the reasons above mentioned the judgment appealed from, rendered by the District Court of San Juan on October 16, 1911, should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.